# HEARST *corporation*

*Jonathan R. Donnellan, Esq.*
*Senior Counsel*

Office of General Counsel

Eve Burton
  Vice President and
  General Counsel

Jonathan R Donnellan
Christopher A Fraser
Larry M Loeb
Mark C Redman
Calvin Siemer
Debra S Weaver
  Senior Counsel

Barry S Agdern
Lisa Antonini
David Burgess
Carolene S Eaddy
Kristina E Findikyan
Bridgette Fitzpatrick
Carl G Guida
Robert J Hawley
Audra Kujawski
Alan E Lewis
Kevin J McCauley
Aimee Nisbet
Kenan J Packman
Peter P Rahbar
Eva M Saketkoo
Maureen Walsh Sheehan
Ravi V Sitwala
Jonathan Sirota
Jack Spizz
Stephen Yuhan
  Counsel

Catherine A Bostron
  Secretary

Harvey L Lipton
  Of Counsel

October 30, 2009

**VIA FEDERAL EXPRESS**

The Honorable Hilda G. Tagle
Chambers of The Honorable Hilda G. Tagle
United States Courthouse
600 East Harrison Street
Brownsville, Texas 78520-7114

Re:   Sealing of Documents and Closure of Proceedings in
      *United States v. Cardenas-Guillen et al.*, No. 1:00-cr-00118

Dear Judge Tagle:

      We represent the *Houston Chronicle*, a Hearst newspaper. It has come to our attention that numerous unidentified documents have been filed under seal in the Cardenas-Guillen criminal matter currently before the Court and that hearings in the case have been held without public notice and have been closed to the public.[1]

      We write to request that, for the reasons discussed below, you: (1) unseal previously sealed documents or make particularized on-the-record findings justifying continued sealing narrowly tailored to accomplish the purpose of sealing; (2) refuse to seal documents going forward without a public hearing and the particularized showings required to seal documents and narrowly tailor any sealing as required by the First Amendment and common law; (3) release transcripts of all hearings held in the case, and all orders entered by the Court, redacting only those parts necessary to serve a compelling interest outweighing access; and (4) provide the public notice of all future hearings and an opportunity to be heard if closure is contemplated.[2]

---

[1]   A *Chronicle* reporter was present at a re-arraignment hearing in the case, but was forced to leave the courtroom prior to the start of the hearing without an opportunity to be heard.

[2]   If the Court requires a formal motion seeking the above-described relief, we will of course file one.

300 West 57 Street
New York, NY 10019
T 212 649 2051
F 212 649 2035
Email:jdonnellan@hearst.com

Judge Hilda G. Tagle
October 30, 2009
Page 2

The Supreme Court has recognized a broad First Amendment right of access to criminal proceedings. Beginning with *Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555 (1980), the Court has crafted a constitutional standard for access focused on the "history and logic" of public access to the proceedings at issue. Applying that test, the Court has held there is a constitutional right of access to all phases of criminal proceedings, including jury *voir dire* hearings, pretrial suppression hearings, pretrial preliminary hearings, and trials. *See Richmond Newspapers*, 448 U.S. 555 (trial); *Press-Enterprise Co. v. Superior Court (Press-Enterprise I)*, 464 U.S. 501 (1984) (jury *voir dire*); *Waller v. Georgia*, 467 U.S. 39 (1984) (suppression hearings)[3]; *Press-Enterprise Co. v. Superior Court (Press-Enterprise II)*, 478 U.S. 1 (1986) (preliminary hearings).

As the Court explained in *Press-Enterprise I*:

> The value of openness lies in the fact that people not actually attending trials can have confidence that standards of fairness are being observed; the sure knowledge that anyone is free to attend gives assurance that established procedures are being followed and that deviations will become known. Openness thus enhances both the basic fairness of the criminal trial and the appearance of fairness so essential to public confidence in the system.

464 U.S. at 508. Based on this understanding, the Court in *Press-Enterprise II* said that the First Amendment access right applies to all aspects of court proceedings unless they "would be totally frustrated if conducted openly," citing grand-jury proceedings as the single example of a proceeding that would be frustrated by openness. *Press-Enterprise II*, 478 U.S. at 8-9. The Court also emphasized the importance of the right of access to proceedings where no jury is present. *Id.* at 12-13 ("[T]he absence of a jury, long recognized as 'an inestimable safeguard against the corrupt or overzealous prosecutor and against the complaint, biased, or eccentric judge,' makes the importance of public access . . . even more significant.") (quoting *Duncan v. Louisiana*, 391 U.S. 145, 156 (1968)).

The Supreme Court's repeated and emphatic pronouncements in favor of public access to criminal proceedings have led other courts to hold that the First Amendment access right attaches to virtually all aspects of those proceedings, from beginning to end. *See, e.g., United States v. Chagra*, 701 F.2d 354 (5th Cir. 1983) (bail-related hearings); *United States v. Cojab*, 996 F.2d 1404, 1405 (2d Cir. 1993) (unspecified pretrial hearings); *Application of NBC*, 828 F.2d 340 (6th Cir. 1987) (judicial-disqualification and attorney-conflict-of-interest proceedings); *see also* C. Thomas Dienes et al., Newsgathering and the Law § 3.01[1] (3d ed. 2005) ("Today, almost all pretrial proceedings are presumptively open.").

---

[3] While *Waller* concerned a Sixth Amendment challenge made by the defendant, the Court based its reasoning on First Amendment precedent and applied the *Press-Enterprise I* closure standard.

Judge Hilda G. Tagle
October 30, 2009
Page 3

      The First Amendment right of access to criminal proceedings also extends to court records related to those proceedings.[4] *See In re Sealing and Non-Disclosure of Pen/Trap/2703(d) Orders*, 562 F. Supp. 2d 876, 889 (S.D. Tex. 2008) ("[T]he valuable functions attributed to publicity apply not only to the actual [criminal] proceedings but also to the records of those proceedings.").[5] The right applies with special force with respect to court dockets themselves, as "the ability of the public and press to attend civil and criminal cases would be merely theoretical if the information provided by docket sheets were inaccessible." *Hartford Courant Co. v. Pellegrino*, 380 F.3d 83, 93 (2d Cir. 2004); *see also United States v. Valenti*, 987 F.2d 708, 715 (11th Cir. 1993) ("[M]aintenance of a public and a sealed docket is inconsistent with affording the various interests of the public and the press meaningful access to criminal proceedings [and] . . . is an unconstitutional infringement on the public and press's qualified right of access to criminal proceedings."). "In this respect, docket sheets provide a kind of index to judicial proceedings and documents, and endow the public and press with the capacity to exercise their rights guaranteed by the First Amendment." *Pellegrino*, 380 F.3d at 93.

      While the First Amendment access right is not absolute, there is a high bar for overriding it. Closure or sealing is permitted only when it "is essential to preserve higher values and is narrowly tailored to serve that interest." *Press-Enterprise I*, 464 U.S. at 510. A court is required to make specific, on-the-record findings in order to justify a denial of access. *Id.* Such findings must be made with respect to each event closed and specific document to be sealed. *See Carriles*, 2009 WL 2618584, at *10 ("The Government's Proposed Protective Order, by requiring that all pre-trial filings involving any protected materials be filed under seal without a corresponding motion, would effectively short-circuit any analysis of whether a

---

[4] There is also a common-law right of access to criminal proceedings and records, which would apply here. *S.E.C. v. Van Waeyenberghe*, 990 F.2d 845, 848 (5th Cir. 1993) ("Courts have recognized that the public has a common law right to inspect and copy judicial records.") (citing *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978)). "Although the common law right of access to judicial records is not absolute, 'the district court's discretion to seal the record of judicial proceedings is to be exercised charily.'" *Id.* (quoting *Fed. Sav. & Loan Ins. Corp. v. Blain*, 808 F.2d 395, 399 (5th Cir. 1987)). "In exercising its discretion to seal judicial records, the court must balance the public's common law right of access against the interests favoring nondisclosure."

[5] *See also United States v. Carriles*, No. EP-07-CV-87-KC, __ F. Supp. 2d __, 2009 WL 2618584, at *9 (W.D. Tex. Aug. 25, 2009) ("While the Fifth Circuit has not directly addressed this question, other circuits have held that the *Press-Enterprise II* test for determining a qualified First Amendment right of access applies to documents filed in connection with pretrial proceedings.") (citing *Globe Newspaper Co. v. Pokaski*, 868 F.2d 497, 502 (1st Cir. 1989); *In re N.Y. Times Co.*, 828 F.2d 110, 115 (2d Cir. 1987); *United States v. Smith*, 776 F.2d 1104, 1112 (3d Cir. 1985); *In re Wash. Post. Co.*, 807 F.2d 383, 389 (4th Cir. 1986); *Applications of Nat'l Broad. Co.*, 828 F.2d 340, 343 (6th Cir. 1987); *In re Cont'l Ill. Sec. Litig.*, 732 F.2d 1302, 1308 (7th Cir. 1984); *In re Search Warrant for Secretarial Area Outside Office of Gunn*, 855 F.2d 569, 573 (8th Cir. 1988); *Associated Press v. U.S. District Court*, 705 F.2d 1143, 1145 (9th Cir. 1983); *United States v. El-Sayegh*, 131 F.3d 158, 160 (D.C. Cir. 1997); *United States v. McVeigh*, 119 F.3d 806, 813 (10th Cir. 1997)).

Judge Hilda G. Tagle
October 30, 2009
Page 4

First Amendment or common-law right of access applies to any particular filing. The Court simply cannot determine – let alone 'articulate[ ] along with findings specific enough that a reviewing court can determine whether the closure order was properly entered,' – whether all filings involving protected materials should be sealed without any knowledge as to the substance or context of any particular filing. Additionally, if a First Amendment right of access attaches to sealed documents, then a protective order pre-approving the sealing of all filings implicating protected materials would not be 'essential to preserve higher values and [ ] narrowly tailored to serve [those values].'") (quoting *Press Enterprise I*, 464 U.S. at 510). And the findings should be publicly available to allow the public to understand and challenge the need for sealing. *See id.* ("[T]he Proposed Protective Order would prevent the Press from knowing why any particular filing is made under seal. 'The docketing of motions to close a proceeding or to seal certain documents provides notice to the public, as well as to the press, that such a motion has been made and, assuming that such motions are docketed sufficiently in advance of a hearing on or the disposition of the motion, affords the public and the press an opportunity to present objections to the motion.' If the Court were to allow any filing that involves protected materials to be automatically docketed under seal, the Press and the public would be denied access to those documents and denied access to any explanation as to why they are denied access to those documents. Such a procedure is unacceptable.") (quoting *In re Search Warrant*, 855 F.2d 569, 575 (8th Cir. 1988)). In short, the transparency of decision-making is crucial to ensure public confidence, adherence to constitutional standards, and preservation of a meaningful right to appeal decisions regarding secrecy.

Even when closure or sealing is found to be essential to preserve higher values, such closure or sealing must be narrowly tailored to serve that interest. *Press-Enterprise I*, 464 U.S. at 510. In the case of closure, narrow tailoring requires that only so much of the hearing as necessary be closed and that transcripts be released at least in redacted form. *See, e.g., United States v. Comprehensive Drug Testing, Inc.*, 513 F.3d 1085, 1149 (9th Cir. 2008) ("Provisions for narrow tailoring may include later release of transcripts, or redacted transcripts."). Similarly, when sealing court records, redacted versions should be publicly filed during the time that sealing is justified. *See, e.g., In re N.Y. Times Co.*, 828 F.2d at 116 (encouraging redaction as an alternative to wholesale sealing). And any sealing order should have a date certain for expiration, allowing the party seeking sealing to move to continue the sealing prior to expiration if necessary, so as to keep the burden of denying access on the proper party. *See, e.g., In re Sealing and Non-Disclosure of Pen/Trap/2703(d) Orders*, 562 F. Supp. 2d at 895 ("As a rule, sealing and non-disclosure of electronic surveillance orders must be neither permanent nor, what amounts to the same thing, indefinite. Such restrictions on speech and public access are presumptively justified while the investigation is ongoing, but that justification has an expiration date. Publicity will not threaten the integrity of a criminal investigation that is no longer active. Once that point is reached, the fundamental values of openness and transparency embodied in the First Amendment and at

common law must be given sway. We are judges of courts, not of chambers, and justice may not be done in a corner."); *United States v. Strevell*, No. 05-CR-477 (GLS), 2009 WL 577910, at *7 (N.D.N.Y. Mar. 4, 2009) (imposing a one-year automatic expiration of a sealing order: "Arguably, when sealing is ordered to protect a higher value which may have a limited duration, such sealing should not endure indefinitely. The Times Union 's proposed solution, a sunshine provision, is a good one. It helps to ensure that the sealing-which, under well-established First Amendment principles, is disfavored-is narrowly tailored. Moreover, it properly places the non-disclosure burden on the party seeking an exception to the presumption of access rule. Accordingly, absent a timely motion to renew from the government or [the defendant], the court engrafts a one year sunshine date on the sealing orders in this case . . . .").

Here, the docket does not appear to contain publicly available motions to seal or orders granting sealing, which would contain the reasons for sealing and the Court's findings justifying sealing. Nor does there appear to be on-the-record findings justifying the closure of hearings in the case or the lack of public notice for such hearings. And the docket entries memorizing sealed filings do not provide any indication as to the nature of those filings, essentially creating a secret docket with respect to those filings. The cumulative effect of these procedures is to shut the press and the public out of the criminal proceedings to which there is a First Amendment right of access without even an explanation, much less an effort to narrowly tailor any abridgement of constitutional rights.

Given the well-established First Amendment and common-law rights of access to criminal proceedings and documents filed in those proceedings, we respectfully request that the Court provide notice and an opportunity to be heard regarding the closure of any future hearings, support any closure with on-the-record findings explaining why such closure is essential to preserve higher values than the First Amendment, and narrowly tailor the closure. Similarly, we respectfully request that any future sealing of documents be supported by on-the-record findings explaining why such sealing is essential to preserve higher values than the First Amendment and be narrowly tailored through the public filing of redacted documents and the inclusion of expiration dates on the sealing orders. Finally, we request that previously sealed documents (including orders) and transcripts of hearings be immediately released in their entirety or, alternatively, be released in redacted form consistent with the requirements of the First Amendment, including specific reasons and findings supporting any redactions.

Judge Hilda G. Tagle
October 30, 2009
Page 6

We would be happy to address any questions that the Court may have.

Respectfully Submitted,

Jonathan R. Donnellan

cc: United States District Clerk,
600 East Harrison Street, Suite 101
Brownsville, Texas 78520-7114
(by FedEx)

Michael W. Ramsey, Esq. (by email: mwr7878@mac.com)

Chip B. Lewis, Esq. (by email: chipblewis@aol.com)

Crispin C.J. Quintanilla, III, Esq. (by email: gqplaw@yahoo.com)

Roberto J. Yzaguirre, Esq. (by email: ychmbcrh@aol.com)

Philip T. Cowen, Esq. (by email: ptchb@att.net)

Irvin S. Weisfeld, Esq. (by email: isweisfeld@aol.com)

Reynaldo G. Garza, III, Esq. (by email: reynaldo@rggarzalaw.com)

Jody L. Young, Esq. (by email: jody.young@usdoj.gov)

Toni L. Trevino, Esq. (by email: toni.trevino@usdoj.gov)

Bryan K. Best (by email: Bryan.Best@usdoj.gov)